UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF INDIANA

LAFAYETTE DIVISION

JOHN FABIAN,

    PLAINTIFF

Vs.          Cause No.: 4:22-cv-00005

THE TRUSTEES OF PURDUE UNIVERSITY,

MAURICE J. ZUCROW LABORATORIES,

MITCHELL DANIELS JR., IN HIS OFFICIAL CAPACITY,

DR. ANIL K. BAJAJ IN HIS OFFICIAL CAPACITY, AND

DR. NICOLE KEY IN HER OFFICIAL CAPACITY,

    DEFENDANTS.

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. Nature of the Case

1. Plaintiff, John Fabian, alleges that the Trustees of Purdue University, Maurice J. Zucrow Laboratories, Mitchell Daniels Jr. in his official capacity, Dr. Anil K Bajaj in his official capacity and Dr. Nicole Key in her official capacity ("Defendants") discriminated against him due to his disability, failed to accommodate his disability, and retaliated against him for engaging in protected activities. Fabian is a leading researcher in his field boasting a resume which includes NASA and General Electric Aircraft Engines. Defendants aggressively recruited Fabian, making a number of financial promises which relied upon by Fabian but were never kept. Fabian is diagnosed with a learning disability impacting a number of his major life activities, including reading, writing, concentrating, communicating, and working. Fabian requested certain accommodations and Defendants agreed to provide the requested accommodations prior to hiring him as a Senior Research Scientist. After Fabian relocated his family to West Lafayette and began work, Defendants promptly abandoned many of the promises made to him. Fabian objected to Defendants' failed promises through out his employment. Yet, Fabian's performance was stellar by any scale. The lab grew in performance and stature under his leadership. Following years of broken promises and a continuous fight to enforce agreed upon accommodations, Defendants suddenly issued written discipline to Fabian for failing to perform the

work excluded from his responsibilities by the agreed upon accommodations. Shortly thereafter, Fabian's direct supervisor, Nicole Key, terminated his employment without reason. Defendants violated Titles I AND V of the Americans with Disabilities Act ("ADAA"), as amended, 42 U.S.C. §§ 12101 et seq., Section 504 of the Rehabilitation Act of 1973 29 U.S.C. 794, and the Indiana Civil Rights Statute I.C. 22-9-5, and common law by discriminating against him due to his disability, by failing to accommodate his disability, by retaliating against him for engaging in protected activity, and by intentionally inflicting emotional distress.

## II. Parties

2. John Fabian is a resident of Tippecanoe County and was an employee of Defendants, as contemplated by the ADAA, The Rehabilitation Act, and the Indiana Civil Rights Statute until Defendants terminated his employment.
3. Fabian has a disability as recognized by the ADA, the Rehabilitation Act, and the Indiana Civil Rights Statute.
4. Purdue is a Land Grant University doing business in West Lafayette, Indiana, Tippecanoe County.
5. Maurice J. Zucrow Laboratories is a research facility operating under the authority of Purdue University in West Lafayette, Indiana.
6. Defendants are "employer" as that term is defined by the ADAA, the Rehabilitation Act, and the Indiana Civil Rights Statute *42 U.S.C. § 2000e(B)*.

7. Defendants receive federal assistance and are covered entities under the Rehabilitation Act.

### III. Jurisdiction and Venue

8. This Court has jurisdiction over this action pursuant to *28 U.S.C. § 1331 and § 1343(a)* and *42 U.S.C. § 2000e-5*, as amended and pursuant to Section 504 of the Rehabilitation Act of 1973, *29 U.S.C. 794(a)* As amended.

9. Venue is proper pursuant to *28 U.S.C. § 1391(b) and (c)* as Defendants conduct business in this District.

10. Fabian satisfied his obligation to exhaust administrative remedies by timely filing a charge of discrimination (Charge No. 470-2020-00472, *Exhibit A*, with the United States Equal Employment Opportunity Commission (hereinafter "EEOC"), alleging discrimination on the basis of disability discrimination, failure to accommodate his disability, and retaliation. Fabian received his Notice of Right to Sue from the EEOC after the Commission found cause and the conciliation process was unsuccessful. He brings this original action within ninety (90) days of receipt thereof, *Exhibit B*.

11. All facts, events, and transactions giving rise to this lawsuit occurred within the geographic environs of the Northern District of Indiana; thus, venue is proper in this Court.

### IV. Factual Allegations

12. In 2013, Fabian held the title of Aerospace Engineer, at the level of GS 14 (National Expert), serving at the NASA Glenn Research Center in Cleveland Ohio.

13. During that year, he was recruited by Nicole Key at Purdue University's Zucrow Laboratory to bring his talents to West Lafayette Indiana.

14. During the extended discussions leading up to an offer of employment, a number of unkept promises were made by Key which induced Fabian to accept the position.

15. These promises included but were not limited to salary commensurate with his experience, opportunity to pursue his PH.D, ability to conduct outside consulting work, and additional research opportunities. Fabian relied upon these promises to his detriment.

16. Fabian also incurred substantial expenses by resigning his position with NASA and relocating to Indiana.

17. In addition to certain contractual promises, Fabian also discussed with Key accommodations that were currently in place with NASA and that must continue if employed by Defendants.

18. Key was already aware of Fabian's disability and needed accommodations, as she had worked with him on consulting work for a number of years.

19. Fabian is diagnosed with a learning disability.

20. Fabian's disability requires an accommodation in order for him to fully participate in the workplace.

21. Due to his disability, Fabian is substantially limited in the major life activities of reading, writing, concentrating, communicating, and working.  These limitations

require reasonable accommodations in order for him to perform his job at the workplace.

22. With reasonable accommodations in place, Fabian was capable of performing every task associated with his position either at NASA or at his subsequent position with Defendants.

23. Specifically, Fabian and Key agreed that Fabian would not be responsible for publications or extensive writing assignments without support.

24. Defendants were aware of Fabian's disabilities and the necessary accommodations through preemployment written communications, documentation provided to Defendants, and ongoing communications during his employment.

25. Fabian was hired by Defendants in January of 2014 as a Senior Research Scientist.

26. Fabian was responsible for the day-to-day operation of the High Speed Compressor Laboratory, supervised employees, and mentored graduate students, all to great effect.

27. His work was recognized both within the institution and on a national level.

28. While Fabian was enjoying great success, his direct supervisor, Key, commenced a campaign of harassment, pressuring Fabian to write papers and publish almost from day one of his employment.

29. Key failed to follow Defendants' employee handbook on a regular basis.

30. In March of 2014, Fabian requested software for his computer to assist him with writing. Key informed Fabian that he could have it if he paid for it.

31. After being refused this simple accommodation, Fabian contacted his former employer, NASA, who shared the program with him so that he could use it.

32. Key's ongoing demands were directly contrary to the accommodations agreed upon prior to Fabian's hire.

33. Key's pressure tactics continued throughout Fabian's employment, causing him great distress.

34. Eventually, Key's unwarranted demands were reflected on Fabian's otherwise exceptional annual reviews.

35. In January of 2019, Key took the extraordinary step of issuing discipline to Fabian for failing to perform the exact work addressed by his long-established accommodations.

36. Key was well aware of Fabian's limitations in writing and callously used those limitations against him to fabricate disciplinary action.

37. The unconscionable conduct engaged in by Key included attempting to force a new job title and significant pay cut on Fabian. This proposed demotion would have incorporated Fabian's long-established accommodations, in effect punishing Fabian for exercising his rights under the ADAA.

38. Key also issued written discipline, specifically referencing Fabian's accommodations.

39. On January 31, 2019, Key implemented a sixty-day Performance Improvement Plan ("PIP") for Fabian without any measurable performance goals.

40. Defendants then required Fabian to undergo an evaluation to determine if any accommodations were appropriate.

41. Fabian explained that the necessary accommodations were agreed to some six years prior but were not being observed and even used against him to fabricate discipline.

42. Defendants' disability office concluded that Fabian did in fact have a learning disability and recommended certain technologies, but did not address the accommodations already in place.

43. Defendants also refuse to purchase any of the technology, citing Fabian's PIP.

44. Defendants' process for evaluating the need for accommodations was cut short when Key abruptly terminated Fabian's employment on March 25, 2019.

45. Key issued the termination letter while the PIP remained in effect.

46. Fabian filed his Charge of Discrimination with the EEOC on November 6, 2019, complaining of discrimination based on his disability, failure to accommodate his disability, and retaliating against him for requesting a reasonable accommodation for his disability.

47. Following an extensive investigation process, the EEOC found cause in favor of Fabian.

48. The reasons provided by Defendants to terminate Fabian's employment were pretextual and contrary to his agreed upon accommodations.

49. But for Defendants' failure to accommodate Fabian's disability, blatant discrimination, and unconscionable disregard for his disability, and the requirements of the ADA, and the Rehabilitation Act Fabian would still be employed by Defendants.

50. Defendants' actions were intentional, willful and in reckless disregard of Fabian's rights as protected by Federal and state law.

51. Fabian was and continues to be economically, physically, and emotionally harmed by Defendants' discriminatory and harassing actions.

### V. Count I:  Discrimination under the ADA, the Rehabilitation Act, and the Indiana Civil Rights Statute

52. Fabian hereby incorporates paragraphs One (1) through Fifty-one(51) of his Complaint herein.

53. Fabian is diagnosed with a learning disability. He is limited in the major life activities of reading, writing, concentrating, communicating, and working.  These limitations require reasonable accommodations in order for him to perform his job at the workplace.  Accordingly, he has a disability as contemplated by the Americans with Disabilities Act, the Rehabilitation Act, and the Indiana Civil Rights Statute.

54. Fabian satisfied Defendants' work requirements.

55. Defendants violated the ADAA, the Rehabilitation Act, and the Indiana Civil Rights Statute by terminating Fabian's employment and discriminating against him due to his disability.

56. Defendants treated Fabian less favorably in the terms, privileges, and conditions of his employment than similarly-situated employees without a disability.

57. Defendants' actions were intentional, willful, and/or undertaken in reckless disregard of Fabian's rights as protected by the ADAA, the Rehabilitation Act, and the Indiana Civil Rights Statute.

58. Fabian has suffered damages as a result of Defendants' unlawful actions.

## VI. Count II:  Retaliation under the ADA, the Rehabilitation Act, and the Indiana Civil Rights Statute

59. Fabian hereby incorporates paragraphs One (1) through Fifty-eight (58) of his complaint herein.

60. Fabian's requests for reasonable accommodations and complaints concerning the implementation of same, constituted protected activity.

61. Similarly-situated employees, who did not engage in protected activity, were treated more favorably in the terms, privileges, and conditions of their employment.

62. Defendants unlawfully retaliated against Fabian because he engaged in protected activity.

63. Defendants acted with intent, malice, and or reckless disregard as to Fabian's legal rights under the ADAA, the Rehabilitation act, and the Indiana Civil Rights Statute.

64. Fabian was harmed as a result of Defendants' conduct.

## VII. Count III:  Failure to Accommodate under the ADA, the Rehabilitation Act, and the Indiana Civil Rights Statute

65. Fabian hereby incorporates paragraphs One (1) through Sixty-four (64) of his complaint herein.

66. Fabian has a disability, as defined by the ADAA, the Rehabilitation Act, and the Indiana Civil Rights Statute.

67. Fabian informed Defendants of his disability and reasonable accommodations. Defendants were aware of Fabian's disability and agreed to provide the accommodations as requested.

68. Defendants refused to provide the accommodations as agreed by Fabian and Defendants.

69. Defendants terminated Fabian's employment after depriving him of the accommodations.

70. Fabian was harmed as a result of Defendants' conduct.

### VIII. Count IV:  Intentional Infliction Of Emotional Distress

71. Fabian hereby incorporates paragraphs One (1) through Seventy (70) of his complaint herein.

72. Defendants acted intentionally or recklessly in the treatment and harassment of Fabian by using agreed upon accommodations against him, taking advantage of their position through unconscionable disregard for his wellbeing, and discrediting his ability to perform his job simply because he has a learning disability.

73. Defendants' conduct was extreme and outrageous.

74. Defendants' acts were and are the cause of Fabian's distress.

75. Fabian suffered severe emotional distress as a result of Defendants' conduct, requiring medical attention and treatment.

## IX. Count V:  Promissory Estoppel

76. Fabian hereby incorporates paragraphs One (1) through Seventy-five (75) of his complaint herein.

77. Defendants made certain promises of inducement to Fabian made with the expectation that Fabian would rely thereon.

78. such promises induced reasonable reliance by Fabian.

79. The promises made were of a definite and substantial nature. And

80. injustice can be avoided only by enforcement of the promises.

## Relief Requested

WHEREFORE, Plaintiff, John Fabian, requests that this Court find in his favor and provide him with the following relief:

A.   Enjoin Defendants from engaging in further violations of the ADAA, the Rehabilitation Act, and Indiana's Civil Rights Statute;

B.   Order Defendants to rehire Fabian with all commensurate compensation, benefits and seniority or payment of front pay in lieu thereof;

C.   Order Defendants to pay to Fabian wages, benefits, compensation, and all monetary loss suffered as a result of Defendant's wrongful and unlawful actions in an amount that will make him whole;

D.   Order Defendants to pay to Fabian liquidated damages;

  E. Order Defendants to pay to Fabian compensatory damages;

  F. Order Defendants to pay Fabian's costs and attorney fees incurred in litigating this action;

  G. Order Defendants to pay to Fabian pre- and post-judgment interest on all sums recoverable, and;

  H. Order Defendants to provide to Fabian any and all other legal and/or equitable relief that may be just and proper.

Respectfully submitted,

_____
S/ Michael S. Dalrymple

Michael S. Dalrymple, (23539-53)

Dalrymple Law, LLC

1627 Carrollton Avenue

Suite 1A

Indianapolis, Indiana 46202

(317) 614-7390

michaeld@dalrymple-law.com

Attorney for Plaintiff, John Fabian

**DEMAND FOR JURY TRIAL**

The Plaintiff, John Fabian, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

_____
S/ Michael S. Dalrymple

Michael S. Dalrymple, (23539-53)

Dalrymple Law, LLC

1627 Carrollton Avenue

Suite 1A

Indianapolis, Indiana 46202

(317) 614-7390

michaeld@dalrymple-law.com

Attorney for Plaintiff, John Fabian

## CERTIFICATE OF SERVICE

I certify that on the 14th day of January, 2022, I electronically served the foregoing to legal counsel for the parties.

S/ Michael S. Dalrymple
Michael Dalrymple, Attorney at Law , #23539-53